IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carolyn Yvonne Murphy Taylor, ) | Civil Action No. 3:07-983-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| City of Columbia; Charles Austin, in his ) | |
| official capacity as City Manager and his ) | |
| individual capacity; Walter Todd, Esq., in ) | |
| his official capacity As Assistant City ) | |
| Attorney and his individual capacity; ) | |
| Dana M. Thye, Esq., in her official ) | |
| capacity as Assistant City Attorney and her ) | |
| individual capacity; Hunter P. Swanson, Esq.) | |
| in her official capacity as Assistant City ) | |
| Attorney and her individual capacity; ) | |
| Donnie Balzigler, in his official capacity as ) | |
| Code Enforcement Officer and his ) | |
| individual capacity; and Larry McCall, in ) | |
| his official capacity as Chief Code Enforce- ) | **REPORT AND RECOMMENDATION** |
| ment Officer and his individual capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, Carolyn Yvonne Murphy Taylor ("Taylor"), filed this pro se action on April 12, 2007, against the City of Columbia, South Carolina ("the City") and several of its employees after a prosecution for violation of the City's International Property Maintenance Code ("IMPC") was dismissed. Taylor alleges violation of her rights to procedural and substantive due process and equal protection pursuant to Title 42 U.S.C. § 1983, as well as pendant state tort claims.[1]

On July 31, 2007, defendants Walter Todd, Danna M. Thye and Hunter P. Swanson (hereinafter "the defendants") moved pursuant to Fed. R. Civ. P. 12 that they be dismissed as parties.

---

[1] This case was automatically referred to the undersigned for pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(d) and (e).

They assert that they are entitled to absolute prosecutorial immunity in their individual capacities. They also assert, to the extent they are sued in their official capacities, that they should be dismissed because the case is redundant to the case alleged against the City. Because Taylor is pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued explaining her responsibility to respond to the motion. Taylor filed her response on September 7, 2007. The defendants filed a reply on September 13, 2007. A hearing was held on the motion and other matters on January 11, 2008. Taylor was granted leave to file additional briefing, and she filed a supplemental response in opposition to the motion to dismiss on January 22, 2008. The defendants filed a reply to that brief on February 1, 2008.

1.  Individual Capacity

A prosecuting attorney enjoys absolute immunity for any acts taken in the conduct of his judicial or quasi-judicial discretion. In the case of Imbler v. Pachtman, 424 U.S. 409 (1976), the United States Supreme Court noted that a prosecutor's immunity is predicated on a

> Concern that harrassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust. Id. at 422.

The court affirmed that prosecutorial immunity was one of the immunities which evolved through the common law and declined to limit it to a qualified immunity, stating, "We conclude that the considerations outlined above dictate the same absolute immunity under § 1983 that the prosecutor enjoys at common law." Id. at 427. The court also determined that "An absolute immunity defeats a suit at the outset. . . ." Imbler, supra at 419.

Following Imbler, courts have used a "functional" approach to determine whether absolute immunity would apply to prosecutors under § 1983. Generally, a "prosecutor performing the duties

2

of initiating a prosecution or presenting a case is entitled to absolute immunity in an action for damages claiming that the prosecutor violated the plaintiff's constitutional rights." Ostrzenski v. Seigel, 177 F.3d 245, 249 (4th Cir. 1999). Thus, a prosecutor's acts "intimately associated with the judicial phase of criminal process" are afforded absolute immunity. Id. at 250, quoting Imbler, 424 U.S. at 430-31. On the other hand, prosecutors are not entitled to absolute immunity when they are performing investigative or administrative functions. Burns v. Reed, 500 U.S. 478, 491-93 (1991).

Taylor alleges in her complaint that the defendants are employed by the City as Assistant City Attorneys (Complaint, ¶¶ 6-8). It is undisputed that the defendants serve as prosecutors I the City's municipal court. The first involvement of these defendants is alleged to have occurred after Taylor had been cited for violation of the IMPC and requested a jury trial. She received a notice for the trial at which Thye would be representing the City. (Complaint. ¶ 25). The majority of the remaining allegations concern continuances of her trial by the defendants and notices sent for new trial dates. However, during this process, Thye moved for and obtained an order allowing the City to inspect the area behind Taylor's privacy fence. (Complaint, ¶ 36). Eventually, Swanson nolle prossed the case. (Complaint, ¶ 58).

The undersigned concludes that the defendants are entitled to absolute immunity. All of their alleged actions took place after Taylor had been noticed for the violation and involved their role in the judicial process. This would include Thye's efforts to obtain an order to obtain evidence after the violation notice had been served. Carter v. Burch, 34 F.3d 257, 263 (4th Cir. 1994) ("Preparation, both for the initiation of the criminal process and for a trial, may require obtaining, reviewing, and evaluating evidence.").

3

In her supplemental memorandum, Taylor argues that absolute immunity should not apply to the defendants because the alleged constitutional violation occurred prior to the beginning of the judicial portion of the case. In this regard, Taylor argues that the constitutional violation occurred when the Code Enforcement Officer, Donnie Balzeigler, failed to give her the proper notice required by the IPMC before issuing the violation notice. She cites Buckley v. Fitzsimmons, 509 U.S. 259 (1993) for the proposition that "if a constitutional wrong is complete before the case begins, the prosecutor is entitled to only qualified immunity." (Pl. Mem., 4, quoting Buckley v. Fitzsimmons, 919 F.2d 1230, 1241-42 (7th Cir. 1990). The problem with Taylor's argument is that she alleges no involvement by these defendants prior to receiving notice from Balzeigler. She makes no argument that the defendants were involved in, or had knowledge of, the investigation which led to the issuance of the violation.

    2.    Official Capacity

The defendants also argue that, insofar as they are sued in their official capacities, they should be dismissed because the City is a party and any claim against them is redundant. They cite Brandon v. Holt, 469 U.S. 464 (1985) as authority. In Brandon, the Supreme Court held that a claim against a municipal official in his official capacity was actually a claim against the municipality. This holding, however, does not necessarily compel a conclusion that the defendants should be dismissed in their official capacities. As the court observed in Chase v. City of Portsmouth, 428 F. Supp. 2d 487, 489 (E.D.Va. 2006):

> While Supreme Court precedent shows that there is, in effect, no difference between suing the City and suing the City Council Members in their official capacities, that precedent does not require the district courts to dismiss the claims against the Council Members. Motions to dismiss under Rule 12(b)(6) test the validity of a complaint. Simply because a claim is redundant does not necessarily mean that the complaint is invalid. (Internal citations omitted).

4

The court further observed that naming the municipal officials "specifically in the case, even through damages cannot be obtained from them, does provide a certain level of public accountability." Id. at 490. Since the City and the defendants are represented by the same attorney, no prejudice will result in these defendants remaining in the case in their official capacities.

## Conclusion

Based on a review of the record, and after hearing the arguments of the parties, it is recommended that the motion to dismiss defendants Todd, Thye, and Swanson in their individual capacities be granted, and their motion to be dismissed in their official capacities be denied.

                Respectfully submitted,

                s/Joseph R. McCrorey
                United States Magistrate Judge

February 7, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).