IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Carolyn Yvonne Murphy Taylor, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>City of Columbia; Charles Austin, in his )<br>official capacity as City Manager and his )<br>individual capacity; Walter Todd, Esq., )<br>in his official capacity as Assistant City )<br>Attorney and his individual capacity; )<br>Dana M. Thye, Esq., in her official )<br>capacity as Assistant City Attorney and )<br>her individual capacity; Hunter P. )<br>Swanson, Esq., in her official capacity )<br>as Assistant City Attorney and her )<br>individual capacity; Donnie Balzeigler, )<br>in his official capacity as Code )<br>Enforcement Officer and his individual )<br>capacity; Larry McCall, in his official )<br>capacity as Chief Code Enforcement )<br>Officer and his individual capacity, )<br>)<br>Defendants. )<br>_____ ) | C/A No.: 3:07-983-JFA-JRM<br><br>**ORDER** |

  This matter is before the court for review of the magistrate judge's report and recommendation dated February 7, 2008, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not

required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

This is a *pro se* action pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10, *et. seq*. On April 12, 2007, plaintiff filed this action against defendants alleging civil rights violations pursuant to 42 U.S.C. § 1983, civil rights conspiracy pursuant to 42 U.S.C. § 1985, and state law claims for intentional infliction of emotional distress and malicious prosecution. On July 31, 2007, defendants Walter Todd, Dana M. Thye, and Hunter P. Swanson filed a motion to be dismissed as parties in their individual and official capacities. On September 7, 2007, plaintiff filed a response in opposition to the motion in which she opposed dismissal of defendants in their individual and official capacities as to all claims, except those against defendants in their official capacities pursuant to § 1983.[1] On September 13, 2007, defendants filed their reply. A hearing was held on January 11, 2008, and on February 7, 2008, the magistrate judge filed a detailed and comprehensive report and recommendation ("report") recommending that the motion to

---

[1] In the response, plaintiff indicated that she did not object to dismissal of defendants in their official capacities from the § 1983 claims on the grounds of redundancy.

dismiss defendants in their individual capacities be granted, and that the motion to dismiss defendants in their official capacities be denied. Defendants filed objections to the report on February 20, 2008, and plaintiff filed objections on February 26, 2008.

In light of the standard set out above, after reviewing *de novo* the law and the report and recommendation of the magistrate judge, the court is of the opinion that further oral argument would not aid in the decisional process and that the recommendation of the magistrate judge to dismiss defendants in their individual capacities on grounds of prosecutorial immunity should not be disturbed.

However, the court rejects the magistrate's recommendation that defendants should not be dismissed as parties in their official capacities. Federal law treats an action against defendants in their official capacities as an action against the municipality, and state law does not require a plaintiff to individually name official employees if the government agency is named as a party to the action. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); S.C. Code Ann. § 15-78-70(c) (1976) ("[A] person, when bringing an action against a governmental entity under the provisions of [the South Carolina Tort Claims Act], shall name as a party defendant only the agency or political subdivision for which the employee was acting and is not required to name the employee individually. . . ."). Because plaintiff has named the City of Columbia as a defendant in this case, it is redundant for plaintiff also to name city

prosecutors in their official capacities as parties to the action. Therefore, the court grants defendants' motion to dismiss and dismisses defendants as parties in their official capacities on grounds of redundancy.

For the foregoing reasons, the court adopts and incorporates by reference those portions of the report and recommendation of the magistrate judge that are consistent herewith. Plaintiff's objections are overruled, and the motion to dismiss defendants in their individual and official capacities is granted.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

February 29, 2008
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge