IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carolyn Yvonne Murphy Taylor, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>City of Columbia; Charles Austin in his )<br>official capacity as City Manager and his )<br>individual capacity; Donnie Balzeigler, in his )<br>official capacity as Code Enforcement )<br>Officer and his individual capacity; Larry )<br>McCall, in his official capacity as Chief )<br>Code Enforcement Officer and his )<br>individual capacity, )<br>)<br>Defendants. )<br>_____) | C/A No.: 3:07-983-JFA-JRM<br><br><br><br><br><br>**CORRECTED ORDER** |

The court's prior order [dkt. # 173] misstated relevant facts in the preamble to the court's findings. The amended preamble and the court's findings follow below. This order does not change the court's ruling or alter its analysis, but merely corrects the preamble to reflects the facts in the record that served as the basis for the court's ruling.

The *pro se* plaintiff, Carolyn Yvonne Murphy Taylor, filed this action alleging claims that the defendants violated her constitutional rights and subjected her to the intentional infliction of emotional distress. At issue in this case is the enforcement of certain City of Columbia (the "City") ordinances relating to the maintenance of property within the City's jurisdiction. This lawsuit was filed in response to the City threatening to enter the plaintiff's property to remove debris, including thousands of toys, though after plaintiff's decision to voluntarily remediate her property. Plaintiff exercised her discretion in selecting which items

to keep and which items to dispose of, ultimately placing much of her debris on the street for bulk trash pick up by the City. Essentially, Plaintiff alleges that the City's actions deprived her of property without due process.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the defendants' motions for summary judgment[2] should be granted and that the claims against defendant Balzeigler be dismissed *sua sponte*. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

Plaintiff was apprised of her right to file objections to the Report and Recommendation and she has done so in a 32-page objection memorandum filed with the Clerk.

In her objection memorandum, the plaintiff first challenges the Magistrate Judge's decision to issue a Report and Recommendation without conducting a hearing under Rule 56 of the Federal Rules of Civil Procedure. The plaintiff suggests that a hearing is mandatory under this Rule. The court respectfully disagrees. Rule 56 does not require that the court conduct a hearing in every case. Indeed, it has been this court's experience over the past 23 years that in many cases, the arguments of the respective parties are adequately

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if she failed to adequately respond to the motion for summary judgment. Plaintiff did respond to the motion.

and fully set out in the written papers filed with the court and that oral argument would not aid in the decisional process. The Magistrate Judge apparently finds that this is one such case and this court agrees. There was no error when the Magistrate Judge declined to conduct oral argument in this case.

The remainder of the plaintiff's objection memorandum is merely a reiteration of arguments that were advanced to, and rejected by, the Magistrate Judge who reviewed the file. The court has carefully conducted the required *de novo* review of all matters as to which objections have been made and finds no basis for disturbing the Report and Recommendation.

For the foregoing reasons, all plaintiff's objections are overruled, the Report and Recommendation is incorporated herein by reference and it is hereby ordered as follows:

1. Plaintiff's motion for summary judgment (doc. #141) is denied;

2. Plaintiff's motion for contempt (doc. #146) is denied;

3. Defendant McCall's motion for summary judgment (doc. #130) is granted;

4. Defendant City of Columbia and Austin's motion for summary judgment (doc. #138) is granted; and

5. The claim against defendant Balzeigler is dismissed *sua sponte*.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

January 20, 2010
Columbia, South Carolina